IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, <br><br> Defendant. | 1:20-cv-900 <br> ECF Case |

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Plaintiff Natural Resources Defense Council (NRDC) brings this suit to compel the U.S. Environmental Protection Agency (EPA) to produce records pertaining to the remarks and speeches that Administrator Scott Pruitt delivered to political organizations, industry lobbying groups, business associations, and other groups. EPA has failed to produce any responsive records, refusing to disclose to the public information regarding its then-Administrator's remarks to groups outside of the federal government. NRDC has a statutory right under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to promptly receive nonexempt, responsive records. The agency has violated FOIA by failing to produce those records.

2. In the months following his confirmation on February 17, 2017, Scott Pruitt, then Administrator of the EPA, delivered remarks regarding agency policy at several conferences and meetings with groups outside of the federal government.

Some of these groups included the National Cattlemen's Beef Association, the Republican Attorneys General Association, and the Federalist Society.

3. On April 24, 2017, NRDC submitted a FOIA request to EPA for records pertaining to the remarks, speeches, and presentations that Administrator Pruitt gave to groups outside of the federal government since his confirmation. Exhibit A.

4. Nearly two years later, on April 4, 2019, EPA notified NRDC that the agency had completed its search and located 94 pages of responsive records. The agency informed NRDC that it was withholding all responsive records in their entirety pursuant to the deliberative process privilege. Exhibit B.

5. NRDC filed its administrative appeal on July 1, 2019, objecting to EPA's withholding of all records in their entirety, the agency's failure to justify its broad withholdings, and its failure to search the records of custodians likely to have responsive documents. Exhibit C.

6. On August 28, 2019, EPA partially granted NRDC's administrative appeal "with respect to the search for records" and acknowledged that the agency failed to determine whether nonexempt information was segregable and should have been disclosed. Exhibit D. The agency said that it would contact NRDC within seven business days to discuss the supplemental search and the timing of additional review.

7. On September 13, 2019, an official at EPA called NRDC and left a voicemail stating that NRDC should expect a "response" within the next two weeks. NRDC promptly returned the call and also left a voicemail.

8. There have been no further communications from EPA about this request, and EPA has not produced any responsive documents to NRDC.

9. NRDC seeks a declaration that EPA has violated FOIA by failing to promptly produce all nonexempt responsive records, failing to conduct an adequate search, failing to segregate and produce nonexempt material, and failing to justify its withholding of records. NRDC seeks an injunction ordering EPA to disclose without further delay all nonexempt, responsive records to NRDC.

## THE PARTIES

10. Plaintiff NRDC is a national, nonprofit environmental and public health membership organization with hundreds of thousands of members nationwide. NRDC engages in research, advocacy, public education, and litigation related to protecting public health and the environment.

11. Defendant EPA is a federal agency within the meaning of FOIA, 5 U.S.C. §§ 551(1), 552(f)(1), and possesses or controls the records that NRDC seeks.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13. Venue is proper in this district because plaintiff NRDC resides and has its principal place of business in this judicial district. 5 U.S.C. § 552(a)(4)(B).

## STATUTORY FRAMEWORK

14. FOIA requires federal agencies to release records to the public, upon request, unless one of nine statutory exemptions from disclosure applies. 5 U.S.C. § 552(a)-(b).

15. Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. *Id.* § 552(a)(6)(A)(i). The agency must "immediately notify" the requester of "such determination and the reasons therefor." *Id.*

16. Upon determination that it will comply with the request, an agency must "promptly" produce nonexempt, responsive records. *Id.* § 552(a)(6)(C)(i).

17. When conducting its search, an agency must make reasonable efforts to locate responsive records. *Id.* § 552(a)(3)(C)-(D).

18. If an agency determines that full disclosure of a record is not possible, it must "consider whether partial disclosure of information is possible" and "take reasonable steps necessary to segregate and release nonexempt information." *Id.* § 552(a)(8)(A)(ii); *see also id.* § 552(b) ("[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record").

19. An agency can withhold records pursuant to the deliberative process privilege only when it "reasonably foresees that disclosure would harm an interest protected" by the privilege. *Id.* § 552(a)(8)(A)(i). The burden to justify its withholdings rests on the agency. *Id.* § 552(a)(4)(B).

20. When an agency determines that it will not comply with a request, the requester has 90 days to appeal that determination to the agency. *Id.* § 552(a)(6)(A)(i).

21. Upon receiving an appeal, an agency must make a determination with respect to the appeal in the following twenty business days. *Id.* § 552(a)(6)(A)(ii). If the denial of records is upheld in whole or in part, the agency must inform the requester of their right to seek judicial review. *Id.* § 552(a)(6)(A)(ii).

22. District courts may enjoin an agency from withholding agency records and "order the production of any agency records improperly withheld." *Id.* § 552(a)(4)(B).

## FACTUAL BACKGROUND

23. On February 17, 2017, Scott Pruitt was confirmed and sworn in as the Administrator of the EPA.

24. Within days of his confirmation, Administrator Pruitt began to deliver remarks and speeches regarding government policy at various meetings and events with political organizations, industry lobbying groups, business associations, and state government officials.

25. These events and meetings include but are not limited to: a Republican Attorneys General Association meeting on February 26-27, 2017; the American Farm Bureau Advocacy Conference on February 28, 2017; a meeting with the Washington State chapter of the Farm Bureau on March 1, 2017; a National League of Cities event on March 14, 2017; the National Cattlemen's Beef Association's

annual legislative conference on March 30, 2017; a Federalist Society Luncheon on March 31, 2017, where Administrator Pruitt was the featured guest; a meeting with community members of East Chicago on April 19, 2017; an event at the Harvey Mine in Sycamore, Pennsylvania, on April 13, 2017; and an event at the Thomas Hill Power Plant in Clifton Hill, Missouri, on April 20, 2017.

26. On April 24, 2017, NRDC submitted a FOIA request seeking records pertaining to the content of Administrator Pruitt's speeches and remarks to groups outside of the federal government, including any prepared remarks, notes taken during his remarks, and any recordings of such remarks.

27. On May 3, 2017, EPA granted NRDC's request for a fee waiver and assigned the reference number EPA-HQ-2017-006487 to the FOIA request.

28. On October 26, 2017, EPA provided NRDC with a list of custodians whose records it would search for responsive material. The agency estimated that it would complete its search no later than May 30, 2018.

29. NRDC responded by email on November 1, 2017, asking the agency to produce records as soon as possible and on a rolling basis. NRDC noted that the agency's proposed list of custodians excluded several EPA employees who were involved in Administrator Pruitt's speaking engagements: Administrator Pruitt, Byron Brown, Eric Vance, Kenneth Wagner, Troy Lyons, Amy Graham, Robin Kime, Nancy Beck, Brittany Bolen, Mandy Gunasekara, Patrick Davis, and Albert Kelly. Because these EPA employees were likely to have responsive records, NRDC requested that EPA include them when conducting its search. EPA did not respond.

30. On April 4, 2019, EPA notified NRDC that it had completed its review and had located 94 pages of responsive records. The agency stated that all 94 pages were exempt from FOIA under the deliberative process privilege and withheld all responsive records in their entirety.

31. NRDC submitted an administrative appeal on July 1, 2019. In its appeal, NRDC objected to the agency's withholding of all responsive records in their entirety, its failure to justify this broad application of the deliberative process privilege, and the agency's failure to conduct an adequate search that included custodians likely to have responsive records.

32. On August 28, 2019, EPA issued its appeal decision. It stated that "much of the withheld material" was exempt under the deliberative process privilege, but gave no explanation for that assertion. However, the agency partially granted the appeal "with respect to the search for records" and acknowledged that the agency had "failed to conduct a review for reasonably segregable, non-exempt portions of the records."

33. The appeal decision stated that EPA would review the withheld records for reasonably segregable nonexempt material and would discuss the custodian issue with NRDC. EPA indicated that it would contact NRDC within seven business days to discuss the supplemental search and the timing of the review for segregable material.

34. The agency stated that the appeal decision "constitute[d] EPA's final determination on this matter," and informed NRDC that it may obtain judicial

review by filing a complaint in United States District Court pursuant to 5 U.S.C. § 552(a)(4)(B).

35. After receiving no communication from the agency within seven business days, NRDC emailed the agency on Wednesday, September 11, 2019, asking when to expect the call or email to discuss the search and timing of the review.

36. On Friday, September 13, 2019, an EPA employee called NRDC and left a voicemail, informing NRDC that it "should expect a response from us within the next two weeks."

37. NRDC returned the call the following Monday morning and left a voicemail asking the agency to return the call.

38. There have been no further communications from EPA, and the agency has produced no responsive records.

39. As of February 3, 2020, the FOIAonline.gov website lists the final disposition of request number EPA-HQ-2017-006487 as "Full Denial Based on Exemptions."

## CLAIM FOR RELIEF

40. Plaintiff incorporates by reference all preceding paragraphs.

41. Plaintiff has exhausted all administrative remedies.

42. Plaintiff has a statutory right under FOIA to promptly receive all nonexempt records responsive to its FOIA request.

43. EPA has violated its statutory duties under FOIA by failing to promptly produce all nonexempt responsive records, failing to conduct an adequate search, failing to produce all reasonably segregable portions of records, and failing to justify its withholdings.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter judgment against the defendant agency as follows:

A. Declaring that EPA has violated FOIA by failing to produce nonexempt responsive records, failing to conduct an adequate search, failing to segregate and produce nonexempt portions of records, and failing to justify its withholdings;

B. Ordering that EPA produce the requested records to NRDC without further delay and without charging search or duplication costs;

C. Retaining jurisdiction over this case to rule on any assertions by the agency that certain responsive records are exempt from disclosure;

D. Ordering the agency to produce an index identifying any records or parts thereof that it withholds and the basis for the withholdings, in the event that it claims that certain responsive records are exempt from disclosure;

E. Awarding Plaintiff its costs and reasonable attorneys' fees; and

F. Granting such other relief that the Court considers just and proper.

Respectfully submitted,

/s/ Robert M. Gustafson

Robert M. Gustafson

Natural Resources Defense Council
1152 15th Street NW Suite 300
Washington, DC 20005
T: (202) 717-8357
rgustafson@nrdc.org

Catherine Marlantes Rahm
Natural Resources Defense Council
40 West 20th Street
New York, NY 10011
T: (212) 727-4628
crahm@nrdc.org

Counsel for Plaintiff

Dated: February 3, 2020